### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

ST. LUCIE JEWELRY, INC.,
d/b/a St. Lucie Jewelry and Coins,

      Plaintiff,

vs.

JEWELRY MANAGEMENT SERVICES,
LLC., d/b/a St. Lucie Coins and Jewelry,
St. Lucie Coins, and Florida Gold Buyers,
and WALTER JOHNSTON, individually,

      Defendants.

_____/

CASE NO:
JUDGE:
MAGISTRATE JUDGE: LYNCH

### VERIFIED COMPLAINT
### FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

Plaintiff, ST. LUCIE JEWELRY, INC., d/b/a St. Lucie Jewelry and Coins, ("ST. LUCIE JEWELRY"), by and through its undersigned counsel, sues Defendants, JEWELRY MANAGEMENT SERVICES, LLC., d/b/a St. Lucie Coins and Jewelry, St. Lucie Coins, and Florida Gold Buyers ("Jewelry Management") and WALTER JOHNSTON, and states as follows:

### JURISDICTION & VENUE

1.    The Court has federal question jurisdiction over Counts I – II, in accordance with the subchapter III of the Lanham Act, 15 USC § 1111 et. seq.

2.    The Court has supplemental jurisdiction over Counts III – VIII, in accordance with 28 USC § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff and Defendants are all located within the Southern District, transact their business within the

Southern District, and the actions alleged in this Complaint occurred within the Southern District.

    4.    This action is properly assigned to the Northern Division of the Southern District by virtue of the foregoing in that the overwhelming majority of actions occurred in Saint Lucie County and because all of the parties are located in Saint Lucie County.

**THE PARTIES**

    5.    Plaintiff, St. Lucie Jewelry, Inc., is a corporation of the State of Florida with its principal place of business located in Port Saint Lucie, Saint Lucie County, Florida.

    6.    Defendant, Jewelry Management Services, LLC., is a limited liability corporation of the State of Florida with its principal place of business located in Port Saint Lucie, Saint Lucie County, Florida. Defendant operates under several trade names, including St. Lucie Coins and Jewelry, St. Lucie Coins, and Florida Gold Buyers.

    7.    Defendant, Walter Johnston, is a citizen of the State of Florida with his principal residence during the relevant and present time periods located in Saint Lucie. He is a Defendant in his official capacity as a principal of the Defendant, Jewelry Management Services, LLC., and also in his individual capacity based upon his individualized comments and actions against Plaintiff and its principal, "Hawk" Levy which were motivated by personal animus and an expressed desire to drive Plaintiff and Mr. Levy out of business.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

## FACTS RELEVANT TO ALL CAUSES OF ACTION

8.    Plaintiff, St. Lucie Jewelry, Inc., has been in the business of retail purchase and sales of jewelry, coins, and gold, silver, and other precious metals, including bullion. since 1994.

9.    Plaintiff incorporated its business as St. Lucie Jewelry, Inc. in 1994.

10.    Plaintiff is a corporation of the State of Florida.

11.    Plaintiff has registered the following fictitious names with the Florida Secretary of State, Division of Corporations, on the following dates:

    (a)    St. Lucie Jewelry & Coins; 12/19/11

    (b)    St. Lucie Coins & Bullion; 8/30/12

    (c)    St. Lucie Jewelry and Coins; 7/10/12

12.    Plaintiff predominantly operates, markets, and advertises as St. Lucie Jewelry & Coins.

12A.    Plaintiff ran its first ad related to bullion on behalf of St. Lucie Jewelry, Inc., d/b/a St. Lucie Jewelry and Coins, in April 2010, in the Numismatic News. The ad was created in March 2010.

13.    Plaintiff's principal owner and public face is Steve G. Levy, who is better known by the nickname "Hawk". Thus, to the business and consuming public, he is most often known as and referred to as "Hawk Levy" and/or "Hawk". Various forms of Plaintiff's advertising, marketing and/or promotion refer to "Hawk".

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

14.     Plaintiff expends substantial sums in the advertising and promotion of its business each year. During the most recently completed year of 2012, Plaintiff expended approximately $135,000.00 in the advertising and promotion of its business; some of which was increased advertising to combat the unfair competition complained of herein.

15.     Plaintiff advertises and promotes its business in a variety of ways, including but not limited to newspaper advertisements, radio spots, television commercials, personal appearances, billboards, etc.

15A.     In addition, Plaintiff has two full-time employees who perform services as "curbside" sign holders and "flippers" designed to attract public attention.

16.     In particular, as relevant to the subject action, Plaintiff leases a billboard at the intersection of US Highway 1 and Port Saint Lucie Boulevard on the southeast corner. Plaintiff has leased this billboard since 2012.

16A.     Plaintiff's principal owner, "Hawk" Levy, devotes substantial time and attention to community and charitable activities on the Treasure Coast, which also has the effect of promoting an awareness and positive reputation for him and his business. Indeed, Plaintiff donates goods and services to various charitable events with branding designed to promote, attract, and market the Company.

16B.     Mr. Levy has received numerous awards and distinctions from various groups and organizations on the Treasure Coast over the years.

16C.     Indeed, in 2010, Plaintiff was named by National Jeweler Magazine as one of "America's Best Independent Jewelers for 2009-2010". Without identifying all such

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

awards, Plaintiff and/or Mr. Levy have received awards from the Florida Oceanographic Society, the Vietnam Veterans, United for Families, Hometown News, Ladies Auxiliary for the American Legion Post 318, Castle, the Exchange Club Center, the St. Lucie Mets, Knights of Columbus, Port St. Lucie Neighborhood Crime Watch, Jensen Beach High School Project Graduation, the Marine Corps League, the Jewelers Vigilance Committee, Brighton Gardens, the Blue Alliance of the Treasure Coast, Big Brothers, Big Sisters of both Saint Lucie and Martin counties, People Helping People, the St. Lucie County Sheriff's Office, etc.

17.    As a result of its advertising and promotion of its business, its community and charitable activities, and its business activities, Plaintiff has developed an excellent reputation on the Treasure Coast in connection with the sale and purchase of jewelry, coins, and gold, silver, and other precious metals, including bullion.

17A.    The business name of "St. Lucie Jewelry and Coins" is recognized throughout the community of Port Saint Lucie, and beyond throughout Saint Lucie County, and to some extent, throughout the Treasure Coast.

18.    In particular, as relevant to this action, Plaintiff has developed a reputation for selling high quality jewelry at reasonable prices. In fact, Plaintiff has aggressively marketed and promoted itself with the trademarked phrase "come see us last", explaining to the public that they should shop around first before coming to Plaintiff so that they can themselves verify and be assured that the prices offered by Plaintiff are truly competitive

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

and fair. The trademark for this slogan was granted in mid-2012 by the United States Patent & Trademark Office.

19.     Plaintiff has also aggressively marketed itself in this manner in connection with the extraordinarily competitive market for the purchase of gold, silver, and other precious metals, including bullion. Plaintiff pays among the top dollar for the purchase of gold, silver, and other precious metals, including bullion, and often pays more than most other businesses located on the Treasure Coast.

20.     Plaintiff has zealously worked to promote, market, and advertise itself in a manner designed to accurately convey to the public the fairness and integrity of its business so as to obtain and retain the trust of the public. The goal of this effort has been and is to obtain and retain business, through the initial acquisition of individual customers, the maintenance of each such relationship over time so as to encourage repeat business, and encouragement of word of mouth.

21.     At present, Plaintiff's business serves over 100 customers daily and has developed a client base of approximately 100,000 customers.

22.     Defendant, Jewelry Management Services, LLC, is a limited liability corporation of the State of Florida, organized in 2010. Its manager and principal owner is Walter Johnston.

23.     In 2008, Defendant began business operations in competition with Plaintiff in Saint Lucie County, primarily in the areas of the purchase and sale of coin and gold, silver, and other precious metals, including bullion.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

24.     In 2008, Defendant did not at that time operate a jewelry business and resisted suggestions to expand into that business market.

25.     Prior to this date, Defendant has been in business elsewhere in Florida; but not on the Treasure Coast. In these areas, Defendant did not operate a jewelry business.

26.     Defendant's initial entrance into the market on the Treasure Coast was through the rental of space in hotels and advertised events on particular periodic dates, typically during weekends. It did not have any retail space at this time on the Treasure Coast.

27.     In or about February 2010 or thereabouts, Defendant began retail business operations on the Treasure Coast in Port St. Lucie, with office space located at the southwest corner of US Highway 1 and Port Saint Lucie Boulevard. The actual business address is on Port St. Lucie Boulevard; not US Highway 1 – even though the business sits on the corner of both roads.

28.     This location is directly across the street from Plaintiff's aforementioned billboard.

29.     Plaintiff's location is approximately two miles north of the billboard.

30.     In an effort to engage in unfair competition with Plaintiff, the Defendant registered the following fictitious names with the Florida Secretary of State, Division of Corporations, on the following dates:

    (a)     St. Lucie Coin; 9/23/11

    (b)     St. Lucie Coins; 2/23/13

Law Offices of Stuart M. Address, P.A.
611 SW Federal Highway, Suite A
Stuart, Florida 34994
772-781-8003
www.stuartaddresslaw.com
stuart@stuartaddresslaw.com

(c)     St. Lucie Coins and Jewelry; 2/27/13

31.     St. Lucie Coin was registered by Defendant as a fictitious name on February 23, 2013, after disputes existed between the parties as to Plaintiff's allegations of infringement and unfair competition.

32.     St. Lucie Coin is and has been Defendant's primary and principal internet web address since its entry into the market on the Treasure Coast and its location in Port St. Lucie.

33.     St. Lucie Coins and Jewelry was registered by Defendant as a fictitious name on February 27, 2013, after disputes existed between the parties as to Plaintiff's allegations of infringement and unfair competition.

34.     It is noted, especially, that Defendant registered the fictitious name of St. Lucie Coins & Jewelry long after Plaintiff had registered the fictitious name of St. Lucie Jewelry & Coins. <u>The sole difference made by Defendant was to reverse the location in the name of the words "Jewelry" and "Coins".</u>

35.     The fictitious names utilized by Defendant, in particular the name of "St. Lucie Coins & Jewelry" was intentionally, willfully, and /or maliciously designed to unfairly compete with Plaintiff and confuse the consuming public in the area of retail sales and purchases of coin and gold, silver, and other precious metals, including bullion.

36.     Later, Defendant began selling jewelry as well and therefore was and is a direct competitor with Plaintiff in all aspects of Plaintiff's business; jewelry, coins, and gold, silver, and other precious metals, including bullion.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

37.    Defendant had resisted engaging in the purchase and sale of jewelry for years, but began slowly to engage in this market within the last couple of years and its fixed location in Port St. Lucie.

37A.    A principal reason for the expansion into this market was the opportunity perceived by Defendants to continue to and further confuse and/or deceive the public into believing that it was actually the Plaintiff and/or was in some manner affiliated with the Plaintiff, with the express intent of diverting business from Plaintiff to Defendant in an impermissible manner.

37B.    Indeed, upon information and belief, Defendants are planning on expanding their current location for the purpose of buying and selling jewelry, as another tenant plans to vacate space. Such action would further continue to the damage alleged by Plaintiff from Defendants various forms of unfair competition, etc.

38.    Defendants have encouraged and affirmatively promoted the confusion between it and Plaintiff in numerous ways and through various devices with the goal of unfairly diverting business intended for Plaintiff to Defendants.

39.    By way of illustration only, Defendant's principal owner, Walter Johnston, has directed his employees to foster the impression that Defendant's business at US 1 and Port St. Lucie Boulevard is either the Plaintiff or an additional location of the Plaintiff.

40.    By way of example only, Defendant's principal owner, Walter Johnston, has instructed, encouraged, and/or advised his employees to respond to statements and/or comments about the billboard located across the street in ways designed to imply that the

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

billboard advertised Defendant's own business and/or confirm mistaken impressions by the public that it was in Plaintiff's business location advertised on the billboard.

41.     Indeed, as a result of this conduct, of which Plaintiff discovered through various sources, Plaintiff had to have the referenced billboard redone, at substantial expense, so as to make clear that the store being advertised was "two miles north" and identifying the shopping plaza in which it was located. Even with this change, however, members of the public continued to be confused to some extent, and Defendants continued to foster any such confusion.

42.     By way of example only, Defendant's principal owner, Walter Johnston, has instructed, encouraged, and/or advised his employees to respond to questions and/or inquiries about whether it was the business advertised on the billboard across the street with affirmative and/or other forms of misleading responses.

43.     By way of example only, Defendant's principal owner, Walter Johnston, has instructed, encouraged, and/or advised his employees to respond to questions and/or inquiries about such as "where is Hawk" with false and/or otherwise misleading responses such as "Hawk is not here right now", "Hawk is unavailable right now", etc. so as to encourage, promote and foster the mis-impression that Defendant is actually the Plaintiff.

43A.    In    2011,    Defendants    had    registered    the    web    site www.stluciejewelryandcoins.com, which is Plaintiff's actual business trade name. Indeed, it is inconsistent with one of the trade names registered by Defendants in 2013,

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

"St. Lucie Coins and Jewelry" which simply reversed the location of the words "jewelry" and "coin" in the phraseology of the trade name.

43B.    Up until approximately 1-2 weeks ago, when, on information and belief, Defendants discovered Plaintiff's intention of preparing this legal action, they directed that all internet inputs of "stluciejewelryandcoins", the trade name of the Plaintiff, be automatically directed to Defendants' internet web address of www.stluciecoins.com, rather than being directed as appropriate to Plaintiff.

43C.    Defendants have been utilizing Plaintiff's business trade name and its internet web address without any legal authority in an effort to unfairly compete with Plaintiff and to divert business intended for Plaintiff to the Defendants.

43D.    With regard to Plaintiff's trade dress, Defendant has utilized the same "yellow" pattern of Plaintiff's advertising and marketing materials in its own promotion.

44.    Defendants has also intentionally taken steps to confuse the public by causing various maps on the Internet, including but not limited to Google Maps, to show a map location of Defendant with the Plaintiff's actual address on US Highway 1.

44A.    More specifically, when Plaintiff's street address is input or appears in various ways on the Internet, maps associated with Plaintiff's address, including Google Maps, the world's most utilized mapping source, show an icon for the location which is actually the location of Defendant's business.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

45.     Indeed, while Defendant's business is located on the corner of US Highway 1 and Port St. Lucie Boulevard, its legal address is on Port St. Lucie Boulevard; not US Highway 1.

46.     It has been and continues to be a specific stated goal and intention of Defendants to divert sales from Plaintiff, to confuse the public, to mislead the public, and to otherwise harm Plaintiff.

47.     In fact, by way of illustration only, Defendant's principal owner, Walter Johnston, has stated to his employees that they should do whatever they could to divert sales from Plaintiff, to confuse the public, to mislead the public, and to otherwise harm Plaintiff.

48.     In addition to the foregoing, Defendants are otherwise trading upon Plaintiff's name and reputation in a manner injurious to Plaintiff.

49.     In various ways, Defendants are diluting Plaintiff's name, marks, and copyrights.

50.     In various ways, Defendants are damaging the reputation of Plaintiff.

51.     In various ways, Defendants have fostered not only the likelihood of confusion among the consuming public but also contributed to actual confusion among the consuming public.

52.     Evidence of actual confusion has come from customers who have shopped at Defendant believing it to be Plaintiff's business, from telephone calls to Plaintiff inquiring about business which they have done with Defendant under the impression that

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

it was the Plaintiff, from employees of Defendant who have advised Plaintiff of the business practices of Defendants vis-à-vis the allegations contained in this Complaint, and otherwise.

53.    The actions of Defendants are operating to unfairly and improperly damage the Plaintiff's business.

54.    Defendants are acting in this manner with the intent of damaging Plaintiff's business so that Defendant will be able to unfairly steal and divert Plaintiff's customers.

55.    Defendant Walter Johnston is also operating out of a personal vendetta against Plaintiff's principal owner, Hawk Levy.

56.    In an effort to combat Defendant's various forms of unfair competition, Plaintiff has had to increase its advertising budget in an effort to combat the diversion of its business to Defendant.

56A.   Plaintiff cannot accurately know the extent to which its increased advertising, marketing, and promotion has been successful or unsuccessful, but it does have evidence of continuing confusion and efforts by Defendants to foster that confusion.

57.    Defendants have substantially damaged Plaintiff in the various foregoing ways and has caused Plaintiff to suffer lost business of a presently unquantifiable amount due to its secretive, unfair, and deceptive business practices.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

57A.    Defendants planned further expansion into a more substantial presence in the jewelry market will further exacerbate the damage to Plaintiff from Defendants unlawful actions as described.

57B.    Wherein actions of Defendant have been alleged herein, it is intended to refer to the actions of Defendants as the individual Defendant, Johnston, acted (a) in the course and scope of his employment for JMS, (b) planned the actions complained of himself, and (c) acted with a personal intent to damage Plaintiff, the corporate entity, and/or its principal, Hawk Levy. Therefore, JMS is responsible for the actions of the individual Defendant, and he is also responsible for them, individually.

58.    Monetary damages cannot fully compensate Plaintiff for the actions herein complained of as these actions have caused damage to Plaintiff's sales, reputation, and dilution of its name, brand, trade name, trade dress, trademarks, and copyrights in ways which can never be fully quantified. For this reason, preliminary and final injunctive relief is appropriate.

59.    All conditions precedent to suit have been satisfied or otherwise waived for each of the causes of action alleged herein.

## COUNT I
### (Lanham Act – False Designation Of Origin)

60. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

61. Defendants' acts constitute a false designation of origin, false representation and false description of goods and/or services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. Defendants' acts are likely to cause and/or have caused confusion and/or deception as to the origin of Defendant, Jewelry Management Services', products and/or services.

63. Defendants' acts of unfair competition are willful, and this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

64. Injunctive relief is appropriate pursuant to 15 U.S.C. § 1116.

65. Defendants acts have cause substantial and irreparable injury to the public and to the Plaintiff's business, reputation and good will.

66. Defendants' acts have resulted in a profit to Defendants.

67. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of his ownership and employment with Defendant.

WHEREFORE, Plaintiff demands judgment against Defendants, damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

## COUNT II
### (Lanham Act – Unfair Competition)

68. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

69. Defendants acts alleged herein constitute unfair competition and unfair deceptive acts or practices in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125.

70. Defendants' infringing activities are likely to and are actually causing confusion, mistake and deception among members of the public as to whether the Plaintiff is associated with or have endorsed the Defendants' products and websites. Reciprocally, Defendants' infringing activities are likely to and are actually causing confusion, mistake and deception among members of the public as to whether the Defendant, Jewelry Management Services, especially with its dba of St. Lucie Coins and Jewelry, is associated with or have endorsed the Plaintiff's products and websites, especially its dba of St. Lucie Jewelry and Coins.

71. Defendants' acts are likely to cause and/or have caused confusion and/or deception as to the origin of Defendant, Jewelry Management's products and/or services.

72. Defendants' unlawful activities in utilizing the Plaintiff's name and other proprietary business information has caused and is continuing to cause damage to the Plaintiff.

73. Injunctive relief is appropriate pursuant to 15 U.S.C. § 1116.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

74.     By reason of Defendants' acts alleged herein, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill, and is entitled to recover damages for this injury, including the profits Plaintiff would have made but for the acts of Defendants, together with the ill-gotten gains of Defendants, and damages for its willfulness.

75.     The conduct of Defendants will continue, to the irreparable prejudice of Plaintiff, unless Defendants are restrained and enjoined from further unlawful conduct.

76.     It would be difficult to ascertain the amount of compensation necessary to adequately remedy such continuing acts, and a multiplicity of judicial proceedings would be required in all events. Plaintiff's remedy at law is therefore inadequate to compensate it for the injuries it will suffer in the future from the continued acts of infringement alleged herein.

77.     Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

## COUNT III
### (False Advertising – Florida Statute § 817.41)

78.  Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

79.  This is a claim for violation of §817.41., Fla. Stat., for false and misleading advertising.

80.  Defendants have advertised, including internet advertising, direct mail, telephonic, in-person and other advertising, and falsely induced the public to believe that Plaintiff is associated with or have endorsed the Defendants' products and/or that Plaintiff is associated with the website promoted by Defendants.

81.  Reciprocally, Defendants have advertised, including internet advertising, direct mail, telephonic, in-person and other advertising, and falsely induced the public to believe that Defendant is associated with or has endorsed the Plaintiff's products and/or that Defendant is associated with the website promoted by Plaintiff.

82.  Defendants' acts violate Florida Statute §817.41.

83.  Defendants' acts have cause substantial and irreparable injury to the public and to the Plaintiff's business, reputation and good will.

84.  Defendants' acts have resulted in a profit to Defendants.

85.  Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

## COUNT IV
### (Unfair & Deceptive Trade Practices Act – Florida Statute §501.201)

86. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

87. This is an action for damages pursuant to Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 *et. seq.*

88. Section 501.204 of the Florida Deceptive and Unfair Trade Practices Act makes unfair competition in its many forms unlawful.

89. Florida Deceptive and Unfair Trade Practices Act, makes it unlawful for "unfair methods of competition, unconscionable acts of practices and unfair or deceptive acts or practices in a conduct of any trade or commerce." Specifically, Defendants have engaged in activities in the State of Florida and within this district which violate said statute by engaging in the marketing, promotional, and advertising previously described.

90. As a direct and proximate result of the activities and conduct in violation of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff is an aggrieved person as defined by said statute and has suffered damages within the meaning of said statute.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

91. Plaintiff seeks to recover its actual damages against Defendants as well as a declaratory judgment as to the unlawful and/or deceptive practice, reasonable attorney's fees and court costs under Florida Statutes §501.211 and §501.2105.

92. Defendants' acts have cause substantial and irreparable injury to the public and to the Plaintiff's business, reputation and good will.

93. Defendants' acts have resulted in a profit to Defendants.

94. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

### COUNT IV
### (Unfair Competition – Common Law)

95. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

96. This Count is a claim against Defendants for unfair competition under the common law of the State of Florida.

97. The acts and conduct of Defendants as alleged herein in the factual section incorporated by reference constitute unfair competition pursuant to the common law of

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

the State of Florida, as Defendants have engaged in acts of unfair competition as alleged above in a willful, wanton and malicious manner.

98. By reason of Defendants' acts alleged herein, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill, and is entitled to recover damages for this injury, including the profits Plaintiff would have made but for the acts of Defendants, together with the ill-gotten gains of Defendants, and damages for its willfulness.

99. The conduct of Defendants will continue, to the irreparable prejudice of Plaintiff, unless Defendants are restrained and enjoined from further unlawful conduct.

100. It would be difficult to ascertain the amount of compensation necessary to adequately remedy such continuing acts, and a multiplicity of judicial proceedings would be required in all events. Plaintiff's remedy at law is therefore inadequate to compensate it for the injuries it will suffer in the future from the continued acts of infringement alleged herein.

101. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

Coast of Florida, punitive damages, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

## COUNT V
### (Unjust Enrichment)

102. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

103. Defendants made a profit from their activities as described herein, which profit was an unjust enrichment to the Defendants and which resulted from the actions of Defendants alleged herein.

104. Based upon the actions of the Defendants, they have received and appreciated benefits under circumstances by which it would be unfair and unjust for Defendants to retain such benefits without compensation to Plaintiff.

105. As a direct and proximate result of the Defendants' unjust enrichment, the Plaintiff has suffered damages.

106. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, punitive damages, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

## COUNT VI
### (Fraud)

107. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

108. Defendants made false statements of material fact about Plaintiff to third persons in essence, regarding Plaintiff going out of business, regarding Plaintiffs' business practices, regarding Plaintiffs having stolen money from customers, etc.

109. Defendants intentionally made these false statements to Plaintiff's customers and suppliers.

110. Defendants knew the aforesaid statements were false when they were made or made the statements without knowledge of their truth or falsity.

111. Defendants made the false statements intending that those individuals and or entities that received these false statements would rely on them.

112. Plaintiff's customers, prospective customers, and or suppliers relied on these false statements to Plaintiff's detriment.

113. Plaintiff has sustained damages as a result of these false statements.

114. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

## COUNT VII
### (Negligent Misrepresentation)

115.  Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

116.  Defendants made false statements of material fact about Plaintiff to third persons in essence as follows, regarding Plaintiff going out of business, regarding Plaintiffs' business practices, regarding Plaintiffs having stolen money from customers, etc.

117.  Defendants negligently and/or recklessly made these false statements to Plaintiff's customers and suppliers.

118.  Defendants negligently and/or recklessly made the statements without knowledge of their truth or falsity.

119. Defendants made the false statements intending that those individuals and or entities that received these false statements would rely on them.

120.  Plaintiff's customers, prospective customers, and or suppliers relied on these false statements to Plaintiff's detriment.

121. Plaintiff has sustained damages as a result of these false statements.

122. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

<u>**COUNT VIII**</u>
**(Interference With Prospective Economic Advantage)**

123.  Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

124.  As described, Defendants actions intentionally, willfully, and/or recklessly interfered with the prospective economic advantage of Plaintiff.

125.  As a result of Defendants' actions, Plaintiff's ability to conduct its business has been damaged and it has sustained losses, some of which are known, some of which are unknown at present, and some of which may forever be unknown in that Plaintiff may never know all of the prospective customers who decided against making inquiry or contracting with them as a result of Defendants' actions as alleged herein.

126. Defendant, Jewelry Management Services, LLC, is liable for its own actions and is also vicariously liable for the actions of Defendant, Johnston, committed in the course and scope of their employment with Jewelry Management Services, LLC.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

**COUNT IX**
**(Use of Plaintiff's Trade Name As A Web Address Purchased By Defendant)**

127. Plaintiff alleges and incorporates herein by reference, the allegations contained in paragraphs 1-59 as if fully set forth herein.

128.  As described, Defendants actions in acquiring and utilizing the web address www.stluciejewelryandcoins.com was improper, unlawful, in violation of the Lanham Act, Florida's statute regarding false advertising, and the common law of unfair competition.

129.  Defendants willfully elected to acquire the web address with Plaintiff's trade name, under the "DOT COM" domain, the most popular of domains, with an intent to injure, damage, and otherwise harm Plaintiff, and/or to confuse the public.

130.  Pursuant to applicable law, Defendant, JMS, should be required to transfer ownership of this web address and domain extension to Plaintiff.

131.  The entity authorized by the Government to register and consider disputes associated with internet domain addresses is the Internet Corporation for Assigned Names and Number ("ICAAN"). In accordance with ICAAN's authorized policies and procedures, it has in effect a Uniform Domain Name Dispute Resolution Policy ("UDRP").

132.  In accordance with ICAAN and its UDRP, a complaining party, herein Plaintiff, may file a complaint in Court, as Plaintiff has done and/or file a complaint with

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

ICAAN under its UDRP. A complaining party may proceed to seek relief utilizing either or both mechanisms.

133.   At this date, Plaintiff has proceed by filing the instant court action. Plaintiff, however, reserves the right to simultaneously file a complaint for arbitration with ICAAN in accordance with its rules and regulations under the UDRP.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, including but not limited to any damages sustained by Plaintiff, all profits of Defendant, Jewelry Management Services, LLC, in whatever forms it does business on the Treasure Coast of Florida, appropriate injunctive relief, reasonable attorney's fees and costs, and any other relief which may be appropriate and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

Stuart M. Address, Esq. (FBN 989606)
stuart@stuartaddresslaw.com
**Law Offices of Stuart M. Address, P.A.**
611 S.W. Federal Highway, Suite A
Stuart, Florida 34994
Telephone:    (772) 781-8003
Facsimile:    (772) 781-8005
Counsel for Plaintiff

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*

## VERIFICATION IN ACCORDANCE WITH 28 USC § 1746

I hereby verify, under penalty of perjury, under the laws of the United States of America, that the above statement of facts is true and correct.

Steve G. "Hawk" Levy

Dated:  April __|5__, 2013

*Law Offices of Stuart M. Address, P.A.*
*611 SW Federal Highway, Suite A*
*Stuart, Florida 34994*
*772-781-8003*
*www.stuartaddresslaw.com*
*stuart@stuartaddresslaw.com*